**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**DIANA RONCAL**
**Plaintiff,**

**Case No:**

**vs.**

**MEMBERS ONLY MANAGEMENT, LLC. D/B/A TRAPEZE CLUB,**
**Defendant.**
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DIANA RONCAL ("Plaintiff"), files this Complaint against the Defendant MEMBERS ONLY MANAGEMENT, LLC. D/B/A TRAPEZE CLUB, ("Defendant" or the "Club"), for unpaid wages and other relief under the Fair Labor Standards Act and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against her previous employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Further, pursuant to 29 U.S.C. Section 203(m), part of the FLSA, employers must comply with the entitled protections of tipped pool employees

in which employer, managers and supervisors are strictly prohibited from keeping employee tips.

3. Plaintiff outlines the estimate of damages for the misappropriation of tips:

**Unlawful Tip Misappropriation:**

**Workdays:** June 27, 2023, through December 4, 2024 (75 weeks)

**Repayment of Tips:** $450 every week to the tip pool.

**Total unlawful tips and liquidated damages: $450.00 x 75 = $33,750.00 x 2 = $67,500.00**[1]

**Workdays:** December 5, 2024, through June 4, 2025 (26 weeks)

**Repayment of Tips:** $375 every week to the tip pool.

**Total unlawful tips and liquidated damages: $357.00 x 26 = $9,750.00 x 2 = $19,500.00**[2]

[1] At this time, Plaintiff has not been provided with the full pay and time records to better determine and calculate damages. Upon receipt of the pay records, Plaintiff will recalculate and amend the damage calculations.

[2] At this time, Plaintiff has not been provided with the full pay and time records to better determine and calculate damages. Upon receipt of the pay records, Plaintiff will recalculate and amend the damage calculations.

## JURISDICTION

4. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq*. Jurisdiction is proper in this court pursuant to 29 U.S.C. § 216.

## VENUE

5. Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## PARTIES

6. Plaintiff worked as a Front Desk Worker for Defendant in Florida.

7. Plaintiff began working with Defendant in June of 2023.

8. Defendant is a company located in Tamarac, Florida.

## FLSA ENTERPRISE COVERAGE

9. At all material times relevant to this action (2023-2025), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(m), 203(r) and 203 (s).

10. At all material times relevant to this action (2023-2025), Defendant made gross earnings of at least $500,000.00 annually.

11. At all material times relevant to this action (2023-2025), Defendant accepted payments from customers based on credit cards issued by out of state banks.

12. At all times relevant to this action (2023-2025), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff was required to unlawfully surrender tips to non-tipped employees.

13. Defendant controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

14. Plaintiff worked as a front desk worker for Defendants from 2023 through 2025.

15. Plaintiff was not paid an hourly wage throughout her employment with Defendant.

16. Defendant is a business that provides adult entertainment for its consumers.

17. Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

18. Plaintiff received tips as a part of her compensation.

19. Further, Plaintiff was forced to "tip out" management from tips she received after each shift.

20. In addition, Defendant required Plaintiff to utilize her tips to pay the Manager as well as the kitchen staff.

21. As such, Plaintiff lost out on approximately $95 - $200 in lost tips each shift.

22. Defendant operated and managed the Club and was involved in the day-to-day operation of the Club.

23. Defendant made the decision to require Plaintiff to pay certain fees and tip-outs each shift.

24. Defendant is responsible for day-to-day purchases of liquor for sale at the Club.

25. Defendant controlled and/or were responsible for the work of Plaintiff.

26. Defendant employed Plaintiff within the last three (3) years.

**COUNT I - VIOLATION OF THE FLSA (REIMBURSEMENT OF TIPS)**

27. Plaintiff reasserts the allegations set forth in Paragraphs 1 through 26 above and incorporate them by reference into this second Claim of Relief.

28. Plaintiff is an employee covered by the FLSA and are entitled to the protections set forth in 29 U.S.C. § 201, *et seq*.

29. Defendant violated the FLSA by requiring the Plaintiff to pay tip outs as a condition of employment.

30. Defendant's requirement that Plaintiff pay tip to its managers and kitchen staff violated the "free and clear" requirement of 29 CFR 531.35.

31. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

32. The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

33. The tip-outs paid by the Plaintiff to Management and the kitchen staff constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

34. Plaintiff is entitled to recover from Defendant as part of her wage loss, all tip-outs that she was required to pay in order to work at the Club.

35. Defendant's policy of tip outs was not recorded in the federal and state tax returns or gross receipts.

36. Defendant's violation of the FLSA was willful.

37. In other words, Defendants knew or showed reckless disregard for the fact that its "pay to work" policies violated the FLSA.

38. Defendant violated the record keeping requirements of the FLSA.

39. Defendant failed to act in good faith in implementing and enforcing their "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

40. As a result of Defendant's willful actions that required Plaintiff to unlawfully surrender her tips as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands judgment against Defendant for all tips that were misappropriated, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief the court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 3rd day of June, 2026.

**Respectfully submitted,**

s/ J.P. Numa
J.P. Numa, Esquire – LEAD COUNSEL
FBN: 1015371
Anthony Hall, Esquire
FBN: 40924
THE LEACH FIRM, P.A.
1560 N. Orange Ave, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: jpnuma@theleachfirm.com
Email: ahall@theleachfirm.com
Email: Jcastro@theleachfirm.com

***Attorney for Plaintiff***